Lee Litigation Group, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
(212) 465-1188 (telephone)
cklee@leelitigation.com

Attorneys for plaintiff

Akin Gump Strauss Hauer & Feld LLP
Gregory W. Knopp
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 229-1000 (telephone)
gknopp@akingump.com

Attorneys for defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS DECEMBER, on behalf of himself, FLSA Collective Plaintiffs, and the Class | No. 1:15-cv-05232 |
| Plaintiff, | JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND |
| v. | FOR DISMISSAL WITH PREJUDICE |
| HOME DEPOT, INC., HOME DEPOT U.S.A., INC. and THD AT-HOME SERVICES, INC., | |
| Defendants. | |

Plaintiff Thomas December and defendants Home Depot, Inc., Home Depot U.S.A., Inc., and THD At-Home Services, Inc. (AHS) [1] request approval of their agreement to settle this action in its entirety. Because this settlement includes Fair Labor Standards Act (FLSA) claims, the settlement must be approved by the Court. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, at *1, *6, --- F.3d --- (2d Cir. Aug. 7, 2015). The parties respectfully request that the Court approve this settlement, since it reflects a fair and reasonable compromise of the disputed claims in this action and thereafter dismiss the action with prejudice.

I.  BACKGROUND

On July 6, 2015, plaintiff filed this potential FLSA collective action and Rule 23 class action, alleging that defendants violated the FLSA and New York Labor Law (NYLL), by failing to (1) track or compensate nonproductive, straight-time hours and (2) track or pay overtime for measure technicians. *See* DE 1, ¶¶ 28-45. Plaintiff further alleges that defendants violated the NYLL by failing to (1) properly reimburse travel expenses and tools of the trade; (2) pay the spread of hours premium; and (3) provide proper wage notifications and wage statements. DE 1, ¶¶ 28-45.

---

[1] Defendants contend that Home Depot, Inc. and Home Depot U.S.A., Inc. are improperly named as defendants in this action, because they never employed the plaintiff. THD At-Home Services, Inc. is the proper defendant in this action and was plaintiff's employer.

Defendants deny any violation of the FLSA or NYLL and contend that (1) plaintiff's time and pay records confirm that all of his working time was tracked and compensated; (2) plaintiff's claim for unpaid overtime is not supported by objective time and pay records that show plaintiff typically worked fewer than 25 hours per week and never worked over 40 hours in a workweek; and (3) plaintiff's mileage and tool reimbursement, spread of hours premium, and federal claim for unpaid straight time are not legally cognizable.

Based upon a discussion of plaintiff's claims and the exchange of informal discovery, the parties reached a preliminary settlement on August 14, 2015 as to plaintiff's individual claims only. The parties executed a settlement agreement on September 9, 2015, a copy of which will be provided to the Court for *in camera* review. The agreement resolves all of plaintiff's claims through the date plaintiff executed the agreement.

II.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

In the Second Circuit, court approval of an FLSA settlement is necessary. *See Cheeks*, 2015 WL 4664283, at *6. "Court approval of an FLSA settlement is appropriate when the settlement is reached as a result of contested litigation to resolve bona fide disputes." *Gabel v. SA Midtown LLC*, No. 13 Civ. 5928, 2015 U.S. Dist. LEXIS 81408 (S.D.N.Y. June 22, 2015), *citing Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). Where, as is

the case here, "the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Johnson*, 2011 WL 4357376, at *12 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Courts recognize a "strong presumption in favor of finding a settlement fair," because they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. Keybank. N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (*citing Lynn's Food Stores*, 679 F.2d at 1353-54).

First, a bona fide FLSA dispute exists. Plaintiff seeks compensation for his alleged "nonproductive" straight time. *See* DE 1, ¶¶ 54-58. Defendants contend that plaintiff was fully compensated for all working time, because plaintiff's job rate compensated him for each completed job in its entirety. Defendants further contend that plaintiff's claim for straight-time wages is not recognized under the FLSA, since plaintiff was paid more than minimum wage for all of his working time. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013). Plaintiff contends that he regularly worked more than 40 hours per week, but was not paid overtime. DE 1, ¶¶ 52-53. Defendants contend plaintiff is not

4

owed any overtime wages, because his time and pay records show he typically worked fewer than 25 hours per week and never worked more than 40 hours in a workweek. In addition, although plaintiff contends that he was not paid for travel time between work sites, defendant's records show that he was paid for such time. Accordingly, the parties disagree that plaintiff is owed any wages, creating a bona fide dispute of his FLSA claims.

Second, the settlement is fair and reasonable. In reaching this agreement, the parties have taken into account the uncertainty and risks in litigation, and the costs that each party will incur if litigation continues. The parties have concluded that it is in their mutual interest to resolve the litigation of plaintiff's claims in the manner set forth in the attached agreement.

The parties engaged in arm's-length and good-faith negotiations and reached a mutually agreeable settlement. The parties exchanged relevant documents and information to enable both parties to accurately evaluate the merits of plaintiff's claims. Specifically, defendants provided plaintiff's counsel with plaintiff's time and payroll records, which defendants contend objectively disprove many of the factual and legal allegations in his complaint. Plaintiff's counsel acknowledges that these time and payroll records may have created an obstacle to prevailing on plaintiff's claims. Plaintiff has fully considered the merits and potential value of his claims and has determined that the proposed settlement provides a reasonable

and fair resolution. Defendants support this result, because it eliminates the risks, uncertainties, and costs of further litigation.

III.    CONCLUSION

Therefore, the parties jointly request that the Court approve their settlement agreement as fair and reasonable and dismiss this action with prejudice.

                                 Respectfully submitted,

Dated:  September 16, 2015        _/s/ Gregory W. Knopp_

Akin Gump Strauss Hauer & Feld LLP
Gregory W. Knopp
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 229-1000 (telephone)
gknopp@akingump.com

Attorneys for defendants

and

_/s/ C.K. Lee_
(signed with consent provided via email)

Lee Litigation Group, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
(212) 465-1188 (telephone)
cklee@leelitigation.com

Attorneys for plaintiff